

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2005

# Spruill v. Rosemeyer

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2831

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Spruill v. Rosemeyer" (2005). *2005 Decisions*. Paper 639.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/639

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2831

_____

ROBERT SPRUILL,
       Appellant

v.

FREDRIC ROSEMEYER, Warden, SCI Laurel Highlands,
in his individual capacity; DAVID PITKINS, Deputy Warden
for Centralized Services, in his individual capacity;
JAMES HENDERSON, Deputy Warden,
in his individual capacity; D.W. MEYERS, Correctional Officer,
SCI Laurel Highlands, in his individual capacity;
DUANE ANDERSON, Corrections Officer, SCT Laurel Highlands,
in his individual capacity; JOHN PAUL, Pennsylvania Department of Corrections,
in his individual capacity; JOHN DOE, Pennsylvania Department of Corrections,
in his individual capacity; KERRI CROSS, Pennsylvania Department of Corrections,
Hearing Examiner, in her individual capacity;
ROBERT BITNER, Pennsylvania Department of Corrections,
Chief Hearing Examiner, in his individual capacity

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 99-cv-00037)
District Judge: Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
August 22, 2005

Before: NYGAARD, VAN ANTWERPEN AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  August 30, 2005 )

_____

OPINION

_____

PER CURIAM

In February 1999, Robert Spruill filed the underlying pro se civil rights complaint in the United States District Court for the Western District of Pennsylvania. In his complaint, Spruill alleged that the defendants: (1) violated his due process rights by confiscating his personal property; (2) initiated, prosecuted, and adjudicated false disciplinary charges against him in retaliation for complaining about prison conditions; and (3) were deliberately indifferent to his medical needs when he was in segregated confinement. On April 2000, the District Court, relying on Edwards v. Balisok, 520 U.S. 641 (1997), dismissed Spruill's complaint. While Spruill's appeal was pending, this Court decided Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) (holding that Balisok does not require the dismissal of a prisoner's 42 U.S.C. § 1983 claim challenging prison conditions). Accordingly, in June 2002 this Court reversed the judgment of the District Court and remanded the case for further proceedings. See C.A. No. 00-1505.

Following the 2002 remand, a Magistrate Judge recommended that Spruill's complaint again be dismissed. On June 14, 2004, over Spruill's objections, the District Court adopted and supplemented the report and recommendation and dismissed Spruill's complaint. Spruill timely appealed, arguing that the District Court erred in dismissing his

2

retaliation claim.

On March 11, 2005, a motions panel of this Court declined to dismiss Spruill's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed the Clerk to issue a briefing schedule. In their brief on appeal, the appellees concede that Spruill can make out a prima facie case of retaliation and that a remand is necessary in order for the District Court to, inter alia, determine in the first instance whether they "would have made the same decision absent the protected conduct for reasons reasonably related to a penological interest." Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). Accordingly, we will vacate the District Court's June 14, 2004 order and remand the matter to the District Court for further proceedings.[1]

---

[1] Given this disposition, we need not consider Spruill's remaining arguments on appeal that the District Court erred in: (1) staying discovery while it resolved the legal issues presented in the motion to dismiss; and (2) denying his motion for appointment of counsel.